# In the United States Court of Federal Claims

No. 22-888
(Filed: 30 November 2022)
NOT FOR PUBLICATION

```
*************************************
ANTHONY STOLLINGS,                    *
                                      *
                                      *
             Plaintiff,               *
                                      *
v.                                    *
                                      *
THE UNITED STATES,                    *
                                      *
             Defendant.               *
                                      *
*************************************
```

## ORDER

**HOLTE, Judge.**

      On 8 August 2022, *pro se* plaintiff Anthony Stollings filed a complaint alleging he is owed a tax refund for economic impact payments he did not receive. *See* Compl., ECF No. 1. On 6 October 2022, the government filed a motion to dismiss Mr. Stollings' complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). Mot. to Dismiss, ECF No. 10. Mr. Stollings was incarcerated when he filed his complaint, *see* Compl., but he has since been released and filed a notice of change of address, ECF No. 8. The government certified it served Mr. Stollings a paper copy of its motion to dismiss via mail to his updated address. Mot. to Dismiss at 9. Mr. Stollings' response to the government's motion to dismiss was due on 7 November 2022, but he has yet to file his response.

      When a plaintiff fails to respond to defendant's motions, or to subsequent court orders, dismissal is not only appropriate but required to properly administer justice. "While dismissal of a claim is a harsh action, especially to a *pro se* litigant, it is justified when a party fails to pursue litigation diligently and disregards the court's rules . . . ." *Whiting v. United States*, 99 Fed. Cl. 13, 17 (2011) (citing *Kadin Corp. v. United States*, 782 F.2d 175, 176–77 (Fed. Cir. 1986)). RCFC 41(b) furthermore provides "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, the court may dismiss on its own motion or the defendant may move to dismiss the action or any claim against it." As *pro se* plaintiffs are, by their nature, unassisted, this court may sometimes grant a *pro se* plaintiff greater leniency throughout the filing process. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers"). In keeping with this permissive

-2-

leniency, the Court shall allow Mr. Stollings an additional 28 days from today to file its response to the government's motion to dismiss.

      Plaintiff **SHALL** respond to the government's motion to dismiss on or before **28 December 2022**.  If plaintiff fails to respond by this date, the Court will have no choice but to dismiss plaintiff's complaint for failure to prosecute pursuant to RCFC 41(b).

      **IT IS SO ORDERED.**

                                                s/ Ryan T. Holte
                                                RYAN T. HOLTE
                                                Judge