# In the United States Court of Federal Claims

No. 22-888
(Filed: 27 January 2023)
NOT FOR PUBLICATION

```
*************************************
ANTHONY STOLLINGS,                  *
                                    *
              Plaintiff,            *
                                    *
   v.                               *
                                    *
THE UNITED STATES,                  *
                                    *
              Defendant.            *
                                    *
*************************************
```

## ORDER

**HOLTE, Judge.**

      On 8 August 2022, *pro se* plaintiff Anthony Stollings filed his complaint with this court. Compl., ECF No. 1.  Plaintiff also filed an application to proceed *in forma pauperis* on 8 August 2022, but his filing was deficient, and the Court denied the application.  *See* Order, ECF No. 6. Plaintiff subsequently refiled an application to proceed *in forma pauperis* on 23 August 2022. *See* Appl. to Proceed *In Forma Pauperis* ("Pl.'s IFP Appl."), ECF No. 7.  On 6 October 2022, the government filed a timely motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC").  *See* Def.'s Mot. to Dismiss Pl.'s Compl., ECF No. 10.  Plaintiff failed to respond to the government's motion by the 7 November 2022 deadline.  On 30 November 2022, the Court issued an order directing plaintiff to respond to the government's motion on or before 28 December 2022 or risk dismissal for failure to prosecute pursuant to RCFC 41(b).  *See* 30 Nov. 2022 Order, ECF No. 11.  Plaintiff has not responded to the government's motion to dismiss or the Court's order.

      As an initial matter, plaintiff requests the Court allow him to proceed *in forma pauperis*. *See* Pl. Mtn. IFP.  Pursuant to 28 U.S.C. § 1915(a)(1), "any court of the United States may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees or give security therefor."  A plaintiff need not "be absolutely destitute to enjoy the benefit of the statute."  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).  An affidavit demonstrating a plaintiff is unable to pay the fee or provide security and "still be able to provide himself and dependents 'with the necessities of life'" is sufficient.  *Id.*; *see also Waltner v. United States*, 93 Fed. Cl. 139, 143 (2010) (quoting *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (2007)) (stating the proper inquiry when considering an application to proceed *in forma pauperis* is whether "'paying such fees would

constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute'").

Plaintiff states the following in his application to proceed *in forma pauperis*: he is currently incarcerated, he is currently unemployed, he has not received any money from any source besides prison state-pay, and he has no substantial assets. *See* Pl.'s IFP Appl. at 1–2. Under these circumstances, plaintiff has sufficiently demonstrated he is unable to pay the Court's filing fee. Plaintiff's application to proceed *in forma pauperis* is therefore granted. *See Adkins*, 335 U.S. at 339.

When a party fails to respond to any motion, or to subsequent court orders, dismissal is not only appropriate but required to properly administer justice. "While dismissal of a claim is a harsh action, especially to a *pro se* litigant, it is justified when a party fails to pursue litigation diligently and disregards the court's rules . . . ." *Whiting v. United States*, 99 Fed. Cl. 13, 17 (2011) (citing *Kadin Corp. v. United States*, 782 F.2d 175, 176–77 (Fed. Cir. 1986)). Furthermore, RCFC 41(b) provides "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, the court may dismiss on its own motion or the defendant may move to dismiss the action or any claim against it." As *pro se* plaintiffs are, by their nature, unassisted, this court may sometimes grant *pro se* plaintiffs greater lenience throughout the filing process. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers"). In keeping with this permissive leniency, the Court allowed plaintiff an additional 28 days to either file his response to the government's motion to dismiss or show cause why his complaint should not be dismissed for failure to prosecute. *See* 30 Nov. 2022 Order. Plaintiff failed to file any response to the government's motion to dismiss his complaint or the Court's Order, so the Court must dismiss the case pursuant to RCFC 41(b) for failure to prosecute and failure to comply with a court order. *See Kadin Corp.*, 782 F.2d at 176 (holding dismissal pursuant to Rule 41(b) was justified when a *pro se* litigant ignored court-imposed deadlines).

Plaintiff has not submitted or filed documents of any sort with this court since refiling his application to proceed *in forma pauperis* on 23 August 2022, despite the government filing a motion to dismiss and the Court ordering him to respond. For the foregoing reasons, the Court: (1) **GRANTS** Mr. Stollings' application to proceed *in forma pauperis*, ECF No. 7; (2) **FINDS as MOOT** the government's motion to dismiss, ECF No. 10; and (3) directs the Clerk to **DISMISS** the case without prejudice pursuant to RCFC 41(b).

**IT IS SO ORDERED.**

s/ Ryan T. Holte
RYAN T. HOLTE
Judge